IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 15-60007 |
| WINLAND OCEAN SHIPPING | § | (Jointly Administered) |
| CORPORATION, et al., | § | |
| | § | Chapter 11 |
| Debtors. | § | |

**CONDITIONAL OBJECTION OF CHINA MERCHANTS BANK CO. LTD. TO DEBTORS' USE OF CASH COLLATERAL**
[Relates to the Motion at Docket No. 20 and Interim Order at Docket No. 25]

China Merchants Bank Co. Ltd. ("CMB"), by and through its undersigned counsel, hereby files this conditional objection (the "Conditional Objection") to the Debtors' Emergency Motion for Interim and Final Orders (I) Authorizing Use of Cash Collateral of Existing Secured Lenders Pursuant to Section 363 of the Bankruptcy Code; (II) Granting Adequate Protection for the Use Thereof; and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 as to Use of Cash Collateral [Docket No. 20] (the "Cash Collateral Motion"). In support of the Conditional Objection, CMB respectfully states as follows:

**CONDITIONAL OBJECTION**

1. CMB only received an updated cash collateral budget from the Debtors on Monday, March 23 (which was further revised on Tuesday March 24).[1] CMB requested additional supporting information -- very basic information -- from the Debtors regarding the budget. The Debtors have not provided the supporting budget information. CMB hopes that the Debtors timely and completely answer the questions posed and provide the information requested, and CMB plans on deposing the Debtors' CRO to ensure that such information is in

---

[1] The Debtors agreed that CMB could have until Wednesday March 25 to file an objection to the Cash Collateral Motion because the Debtors did not have the budget prepared and CMB had a number of unanswered questions.

the record of these proceedings. If the Debtors satisfactorily answer CMB's concerns (on the record) and the parties can agree on a form of order, CMB will consent to the use of cash collateral to allow the Debtors to operate through the Court's ruling on CMB's motion to lift the stay which is filed contemporaneously herewith. If the Debtors cannot provide the information and agree to a form of order, CMB objects to the Debtors' use of cash collateral other than to move the M.V. Fon Tai to a port of CMB's choice.

2. This Court authorized the Debtors' limited use of its cash collateral through March 26, 2015 pursuant to the terms of that certain interim order [Docket No. 25] (the "First Interim Order"). CMB never acknowledged, and the Court did not find in the First Interim Order, that CMB was adequately protected, and all rights in that respect of all parties were fully preserved in the First Interim Order.

3. The Debtors now seek final approval to use of cash collateral. However, their budget reveals the extreme collateral risk to which they are subjecting CMB. Specifically, the Debtors' revised budget projects that they will barely break even in the 13-week period ending May 31, 2015. And, even so, to balance the budget relies on unsupported assumptions regarding charter rates, as well as cost-cutting and deferred payments of post-petition expenses. For example:

- The Debtors project that the M.V. Fon Tai—the only vessel in operation—will generate $493,265 in gross revenue through May 31, 2015. This projection relies on the assumption that charter rates will increase by approximately 31 percent (31%) between now and May 1. The Debtors project an astronomical 64 percent (64%) increase in rates between now and July 1.

- The Debtors project that total operating expenses will be $336,302. Notably, operating expenses were reduced by approximately $220,000 since the initial budget [Docket No. 220-1]. This includes reductions in spare parts, repairs and maintenance, communication and equipment repairs, and lubricating oil charges, which raise serious questions about the Debtors' ability and willingness to maintain the operating vessel.

- The Debtors budget provides for the deferral of certain payments of post-petition expenses for salary of company staff, office expenses and office personal insurance. If the Debtors timely paid these expenses it would go cash-flow negative early on in the budget period, even assuming the unsupported dramatic increase in rates materializes.

4. CMB believes that these cases were filed with unacceptable risk to its collateral. Dry bulk rates have collapsed to historic lows in the face of brutal market conditions. If the rate environment does not recover dramatically during the budget period, the Debtors' budget shows that the Debtors will be administratively insolvent. Moreover, CMB's vessel may not be properly maintained during that period. As such, CMB has contemporaneously herewith filed a motion for relief from the automatic stay, which presently is scheduled to be heard on May 11, 2015,[2] so that it may exercise its contractual and legal rights with respect to its collateral under relevant loan and security documents and applicable law.

5. Section 363(c) of the Bankruptcy Code permits the use of cash collateral only if the secured lender consents or if the Court orders such use after determining that the secured lender is adequately protected. 11 U.S.C. § 363(c)(2). Based on the information that the Debtors have provided CMB its does not appear that the Debtors can possibly demonstrate adequate protection. Nonetheless, CMB is reluctantly willing to consent to the further use of cash collateral through the Court's ruling on CMB's motion to lift stay, subject to (1) agreement on a form of order, (2) delivery of all requested documents and satisfactory answers, and (3) CMB's ability to question the Debtors' chief restructuring officer on the record regarding the projected budget at the March 26, 2015 hearing.

---

[2] May 11, 2015 is the earliest date that the Court is available for an entire day and representatives from CMB are able to travel from China to the United States.

## CONCLUSION

WHEREFORE, for the foregoing reasons, CMB respectfully requests that the Court enter the agreed order that will be presented at the hearing or otherwise deny the Cash Collateral Motion other than to allow the Debtors to move the M.V. Fon Tai to a port of CMB's choosing.

Dated:  March 25, 2015                    Respectfully submitted,

By: */s/ Timothy A. Davidson II*

ANDREWS KURTH LLP
Timothy A. Davidson II
State Bar No. 24012503
Joseph P. Rovira
State Bar No. 24066008
Andrews Kurth LLP
600 Travis, Suite 4200
Houston, Texas 77002
(713) 220-4200 (Telephone)
(713) 220-4285 (Facsimile)

-and-

WHITE & CASE LLP
Scott Greissman (pro hac vice motion to be filed)
Douglas P. Baumstein (pro hac vice motion to be filed)
Charles R. Koster (pro hac vice motion to be filed)
1155 Avenue of the Americas
New York, New York  10036
Telephone:  (212) 819-8200

*Attorneys for China Merchants Bank Co. Ltd.*