IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 15-60007 |
| WINLAND OCEAN SHIPPING CORPORATION, et al.,[1] | § § § | (Jointly Administered) |
| | § | Chapter 11 |
| Debtors. | § | |

**RESPONSE OF CHINA MERCHANTS BANK CO. LTD. TO THE DEBTORS' EMERGENCY MOTION FOR AN ORDER CONTINUING THE DATE OF THE HEARING ON CHINA MERCHANTS BANK CO. LTD.'S MOTION TO LIFT THE AUTOMATIC STAY TO OCCUR ON THE SAME DATE AS THE PRELIMINARY INJUNCTION HEARING**
[Relates to the Motion at Docket No. 55]

China Merchants Bank Co. Ltd. ("CMB"), secured lender under the CMB Facility (as defined below), files this response (the "Response") to the Debtors' emergency motion for an order continuing the date of the hearing on CMB's motion to lift the automatic stay to occur on the same date as the preliminary injunction hearing [Docket No. 55] (the "Emergency Motion"). In support of the Response, CMB respectfully states as follows:

## BACKGROUND

1. On March 25, 2015, CMB filed its motion for relief from the automatic stay [Docket No. 51] (the "Lift Stay Motion") requesting that the Court modify the automatic stay to allow CMB to exercise its rights under that certain facility agreement dated March 26, 2010 among CMB, as lender, Fon Tai and Won Lee as joint and several borrowers, and SkyAce as guarantor (as amended or supplemented, the "CMB Facility"), related security documents and applicable law. Prior to filing the Lift Stay Motion, counsel for CMB reached out to the Court's

---

[1] The Debtors in these chapter 11 cases are (1) Winland Ocean Shipping Corporation ("Winland"); (2) SkyAce Group Limited (BVI)("SkyAce"); (3) Plentimillion Group Limited (BVI)("Plentimillion"); (4) Fon Tai Shipping Co. Ltd. (HK)("Fon Tai"); (5) winland Dalian Shipping S.A. (Panama)("Winland Dalian"); and (6) Won Lee Shipping Co. Ltd. ("Won Lee").

case manager to find an open hearing date for an entire day and was informed that May 11 was available. Accordingly, CMB set the Lift Stay Motion for hearing on May 11, 2015 -- the earliest possible date that representatives from CMB can obtain travel visas and come to the United States.

2.  On March 25, 2015, the Debtors filed a complaint against CMB (the "Complaint") initiating adversary proceeding No 15-06005. The Complaint seeks, among other relief, preliminary and permanent injunctions restraining CMB from obtaining possession of property of the estate and turnover of the M.V. Rui Lee. CMB disputes the factual and legal allegations in the Complaint and will file a response at the appropriate time.

3.  On March 26, 2015, the Debtors filed the Emergency Motion. The Emergency Motion requests that the hearing on the Lift Stay Motion be continued because the Debtors' proposed CRO -- Mr. Robert Ogle -- will be out of the country on vacation until May 22, 2015. The Emergency Motion requests that the hearing on the Lift Stay Motion and preliminary injunction be continued to a date after May 22, 2015 when Mr. Ogle will be back from vacation.

4.  On March 26, 2015 the Court held a hearing on the Debtors motion to use cash collateral (the "CC Hearing"). At the CC Hearing, the parties discussed scheduling issues related to the Lift Stay Motion and preliminary injunction, agreeing with the Court that the matters should be taken up at the same time. The Court provided several hearing dates available both before and after May 11, 2015 to accommodate the parties schedules and requested that the parties discuss among themselves and with their respective clients.

## RESPONSE

5.  CMB has no objection to the preliminary injunction being heard in conjunction with the Lift Stay Motion (subject to CMB's rights to file a motion to dismiss the

HOU:3540219.3

Complaint in advance of the hearing).  However, as demonstrated at the CC Hearing, there is substantial risk being placed on CMB and its collateral.  CMB reluctantly agreed to the continued use of cash collateral to get the Debtors through a determination on the Lift Stay Motion and intentionally noticed the Lift Stay Motion for the earliest possible hearing date. CMB is, of course, willing to accommodate Mr. Ogle's vacation plans, but is not willing to continue the hearing on the Lift Stay Motion beyond May 11, 2015.

6.   Counsel for CMB and the Debtors have discussed the hearing dates and a proposed schedule to accommodate all parties but have not been able to reach an agreement. CMB would like to have the hearing commenced prior to May 11, 2015 on a date that accommodates Mr. Ogle's travel plans while maintaining the already scheduled May 11, 2015 date for presentation of CMB's witnesses to accommodate their respective travel plans.  The Debtors prefer to initiate the hearing on May 11, 2015 with the hearing being continued to a date after Mr. Ogle returns from vacation.

7.   The Court provided several dates both before and after May 11, 2015 when the Debtors confirmed Mr. Ogle would be available.  CMB requests that the Court initially set the hearing on the Lift Stay Motion and preliminary injunction for April 29, 2015 and keep the May 11, 2015 hearing date for continued testimony and argument as needed.  This will allow Mr. Ogle to testify prior to his vacation and allow the Debtors' and CMB's witnesses in China to obtain travel visas and testify on May 11 if needed.  CMB submits that, for the reasons set forth herein and risk being placed on CMB's collateral, commencing the hearing on April 29,2015 is appropriate under the circumstances.  CMB's counsel will continue to discuss witness and discovery scheduling matters with Debtors' counsel but needs finality on hearing date(s) so that the individuals can finalize travel plans.

HOU:3540219.3

**CONCLUSION**

For the foregoing reasons, CMB respectfully requests that the Court enter an order setting the Lift Stay Hearing for April 29, 2015 and continuing the hearing on May 11, 2015 as needed, and grant to CMB such other and further relief as is just and proper.

Dated:  April 1, 2015                                         Respectfully submitted,

By:  _/s/ Timothy A. Davidson II_

ANDREWS KURTH LLP
Timothy A. Davidson II
State Bar No. 24012503
Joseph P. Rovira
State Bar No. 24066008
Andrews Kurth LLP
600 Travis, Suite 4200
Houston, Texas 77002
(713) 220-4200 (Telephone)
(713) 220-4285 (Facsimile)

-and-

WHITE & CASE LLP
Scott Greissman (pro hac vice motion to be filed)
Charles R. Koster (pro hac vice motion pending)
1155 Avenue of the Americas
New York, New York  10036
Telephone:  (212) 819-8200

*Attorneys for China Merchants Bank Co. Ltd.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the forgoing Response was served this 1st day of April, 2015 via ECF notice on those parties set up for ECF notice and via United States First Class Mail on the parties on the attached list.

>  */s/ Joseph P. Rovira*
>  Joseph P. Rovira

Robert Ogle
The Claro Group
1221 McKinney St., Suite 2850
Houston, Texas 77010

Matthew S. Okin
Okin & Adams LLP
1113 Vine Street #201
Houston, Texas 77002

HOU:3540219.3