**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 15-60007 |
| **WINLAND OCEAN SHIPPING** | § | (Jointly Administered) |
| **CORPORATION, et al.,**[1] | § | |
| | § | Chapter 11 |
| Debtors. | § | |

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

On May 11, 2015 and May 26, 2015, a hearing was held on Motion of China Merchants Bank Co. Ltd. Pursuant to 11 U.S.C. §362(d) for Entry of Order Granting Relief From Automatic Stay [Docket No. 51] (the "Lift Stay Motion") and Debtor Won Lee's request for preliminary injunction (the "PI Request" and collectively with the Lift Stay Motion, the "Motions") in the complaint (the "Complaint") filed by the Debtors which initiated the adversary proceeding styled as Won Lee Shipping Co., Ltd. (HK) v. China Merchants Bank Co. Ltd., Adv. Pro. No. 15-06005 (the "Adversary Proceeding"). Having considered the pleadings, evidence, and arguments of counsel, the Court makes the following findings of fact and conclusion of law as required by Fed. R. Bankr. P. 7052 made applicable by Fed. R. Bankr. P. 9014. The Court reserves the right to amend or supplement these findings and conclusions.

---

[1] The Debtors in these chapter 11 cases are (1) Winland Ocean Shipping Corporation ("Winland"); (2) SkyAce Group Limited (BVI)("SkyAce"); (3) Plentimillion Group Limited (BVI)("Plentimillion"); (4) Fon Tai Shipping Co. Ltd. (HK)("Fon Tai"); (5) winland Dalian Shipping S.A. (Panama)("Winland Dalian"); and (6) Won Lee Shipping Co. Ltd. ("Won Lee").

**THE COURT FINDS THAT:**

    A.    The Court has jurisdiction over these proceedings, and over the property affected hereby pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

    B.    On February 12, 2015 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), commencing the above-styled cases (the "Cases").

    C.    The Debtors are engaged in the business of international ocean transportation of bulk cargo and currently own three vessels (the "Vessels").

    D.    Two of the Vessels— M.V. Fon Tai and M.V. Rui Lee (the "CMB Vessels") — are subject to the liens of CMB and are the subject of CMB's Lift Stay Motion.

    E.    CMB alleges that, as of May 11, 2015, its claim against the borrowers is at least approximately $29,245,931, including more than half a million dollars in post-petition attorneys' fees (the "CMB Claim").

    F.    On or about September 9, 2014, the "M.V. Rui Lee" was arrested by Milestone Shipping, S.A. ("Milestone") in Singapore pursuant to a Warrant of Arrest issued in the action Milestone Shipping, S.A. v. Owner of the Vessel Rui Lee, Case No. ADM 103/2014 (the "Milestone Action"), in the High Court of the Republic of Singapore.

    G.    CMB intervened in the Milestone Action on September 11, 2014, and filed an action in the High Court of the Republic of Singapore against the Debtor Won Lee, as the owner of the vessel, Case No. ADM 162/2014 (the "CMB Action") for failure to

make payments when due on the outstanding loan secured by the M.V. Rui Lee, and is requesting, among other things, payment of all amounts due under the loan.

H. On October 27, 2014, Milestone filed an application for release of the M.V. Rui Lee. That same day, CMB filed for and obtained a Warrant of Arrest causing the arrest of the M.V. Rui Lee. The CMB Action is currently stayed. As a result of the arrest of the M.V. Rui Lee, this vessel has not been able to generate income critical to the Debtors.

I. The Debtors argue that CMB must effectuate the release of the M.V. Rui Lee and cause the same to be turned-over to the Debtors.

J. CMB argues that the Debtors have no equity in the CMB Vessels and the assets are not necessary to an effective reorganization. Therefore, the Court should grant CMB relief from the automatic stay pursuant to section 362(d)(2) of the Bankruptcy Code.

K. CMB also argues that there is "cause" to lift the stay with respect to the CMB Vessels because CMB is not adequately protected as set forth in section 362(d)(1) of the Bankruptcy Code. Specifically, CMB argues that the CMB Vessels are declining in value and that Debtors lack sufficient cash-flow to make adequate protection payments.

L. Pursuant to Bankruptcy Code section 362(g), CMB has the burden of proof on the issue of the Debtors' equity in the CMB Vessels. The Debtors, however, do not challenge CMB's assertion that the total amount of claims secured by liens against the CMB Vessels exceeds the fair market value of the assets. Accordingly, the Debtors do not have equity in the CMB Vessels.

M. To be entitled to adequate protection, however, CMB must also show that the subject property is declining in value during the imposition of the automatic stay– not that the property value decreased prior to bankruptcy. *See HSH Nordbank AG v. Baytown Navigation, Inc. (In re Baytown Navigation, Inc.)*, 2012 U.S. Dist. LEXIS 46910, at *9 (S.D. Tex. Apr. 2, 2012) ("[T]he secured creditor must show either a decline in value or the threat of a decline in value during the term of the automatic stay by either quantitative or qualitative methods.")

N. The Debtors have the burden of proof on all other issues--such as whether the CMB Vessels are necessary to an effective reorganization (which case law tells us means an effective reorganization that is reasonably in prospect) as well as on the issue of whether it is adequately protecting CMB.

Adequate Protection

O. The Debtors argue that CMB is adequately protected by a sufficient equity cushion. Further, at the May 26, 2015 hearing, the Debtors offered to make certain adequate protection payments to CMB as further adequate protection. The parties presented competing expert opinions regarding the value of the CMB Vessels.

P. CMB presented the testimony of Dr. Adam Kent ("Kent"), managing director of Maritime Strategies International, Ltd. Dr. Kent testified that, as of the end of April 2015, the M.V. Rui Lee had a value of USD $12.7 million and the M.V. Fon Tai had a value of USD $13.1 million. Dr. Kent further testified that in his opinion the value of the CMB Vessels is currently declining.

Q. The Debtors presented the expert testimony of Mr. Taotao Yu, Managing Director of Total Shipping Co. Ltd. Mr. Yu testified that, as of the end of April 2015, the

M.V. Rui Lee had a value of USD $16.00 million and the M.V. Fon Tai had a value of USD $15.80 million.

R. Mr. Yu also offered rebuttal testimony as to Dr. Kent's opinion that the value of the CMB Vessels is currently declining. According to Mr. Yu, recent market data indicates that the sale prices of comparable vessels has increased – not decreased.

S. All this considered, the Court does not find a specific value for the CMB Vessels and does not make a finding as to the exact amount of the CMB Claim. Nevertheless, the does find that some equity cushion likely exists as to the CMB Claim.

T. The Court is not finding a precise value of the CMB Vessels at this time. The Court believes it would be futile, since it would not be binding at the confirmation hearing, pursuant to Section 506(a), and since there could be a change in ship values between now and the confirmation hearing. (*See In re Knight Energy Corp.*, 2009 Bankr. LEXIS 1841, *8 (Bankr. N.D. Tex. June 26, 2009). Instead, the Court finds that there is insufficient evidence to establish that the CMB Vessels are declining in value or, if a decline is occurring, there is insufficient evidence to ascertain the rate of such decline in value. Accordingly, CMB has failed to establish entitlement to adequate protection. *See HSH Nordbank AG*, 2012 U.S. Dist. LEXIS 46910, at *9 ("If the movant fails to meet that burden, the Court will dismiss the motion for relief from stay before the burden shifts to the Debtors, who would otherwise bear the ultimate burden of persuasion under § 362(g)(2)."); *In re Juhasz*, 208 B.R. 32, 36 (Bankr. S.D. Tex. 1995) (denying relief from the automatic stay and refusing to order periodic adequate protection payments).

U.    Nevertheless, to the extent CMB is entitled to adequate protection, the Court finds that CMB will be adequately protected by any existing equity cushion combined with the Debtors' proposed adequate protection payments.

V.    As to the remaining prongs of section 362(d), the Court finds that there could be an effective reorganization in prospect and that the CMB Vessels are necessary to such effective reorganization.

W.    To the extent any findings of fact are or include conclusions of law, they shall be deemed to be conclusions of law.

On the basis of and consistent with the foregoing findings,

THE COURT HEREBY ORDERS

1.    CMB's Lift Stay Motion is denied. The automatic stay will conditionally remain in place, provided that the Debtors meet the following conditions under the following time frames, which the Court finds are sufficient to provide adequate protection to CMB:

    a. The Debtors shall make periodic payments in the amount of USD $75,000.00 ("Port Dues Payment") to CMB during such period as the M.V. Rui Lee remains under arrest (the "Arrest Period"). Such payments shall be made monthly, with the first Port Dues Payment due within ten (10) business days of the entry of this Order. Port Dues Payments shall be applied towards port dues accruing as a result of the arrest of the M.V. Rui Lee.

    b. The Debtors shall further pay USD $750,000.00 (the "Release Costs") towards any unpaid fees and expenses related to (i) the arrest of the

M.V. Rui Lee; (ii) the release of M.V. Rui Lee; and (iii) any other costs assessable against the M.V. Rui Lee related to the CMB Action. Within sixty (60) days of the entry of this Order, the Debotrs shall cause the Release Costs to be deposited into Okin Adams LLP IOLTA account to be held in escrow for the benefit of CMB and shall be released to CMB upon the release of the M.V. Rui Lee.

c.  Within thirty (30) days following the release of the M.V. Rui Lee, the Debtors shall commence making monthly adequate protection payments to CMB in the amount of USD $40,000 (the "Adequate Protection Payment").

2.  Upon the deposit of the Release Costs into Okin Adams LLP IOLTA account, CMB shall cause Case No. ADM 162/2014 currently pending in the High Court of the Republic of Singapore (the "CMB Action") to be immediately dismissed. CMB shall further take all actions necessary to effectuate the release of the M.V. Rui Lee.

3.  The Debtors shall be allowed use of Cash Collateral on terms substantially similar to those provided under the Second Interim Cash Collateral Order, specifically including, but not limited to, the limitation of usage to a budget agreed to and approved by CMB and the continuing reporting requirements therein. Within ten (10) days of the entry of this Order, the Debtors shall submit a revised budget for the thirteen-week period beginning June 1, 2015.

4.  If the Debtors fail to timely make any payment set forth in paragraph 1 above, the automatic stay shall lift without further order from this Court and CMB shall

be authorized to take such actions as are necessary to assert its rights under the applicable loan documents.

5. The Adversary Proceeding is hereby stayed. Provided, however, that within ten (10) business days following the release and turn-over of the M.V. Rui Lee as provided in paragraph 2 above, the Debtor Won Lee shall file a motion to dismiss the same without prejudice.

###