IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 15-60007 |
| **WINLAND OCEAN SHIPPING** | § | (Jointly Administered) |
| **CORPORATION,** *et al.*,[1] | § | |
| | § | Chapter 11 |
| Debtors. | § | |

### ORDER GRANTING CHINA MERCHANTS BANK CO. LTD.'S MOTION PURSUANT TO 11 U.S.C. § 362(d) FOR RELIEF FROM AUTOMATIC STAY
[This Order Relates to the Motion at Docket No. 51]

The Court having considered (i) the Motion (the "Motion")[2] of China Merchants Bank Co. Ltd. ("CMB") Pursuant to 11 U.S.C. § 362(d) for Entry of Order Granting Relief from Automatic Stay, (ii) the Debtors' Response and Objection to the Motion [Docket No. 101], and (iii) CMB's Reply to the Debtors' Response and Objection [Docket No. 102]; and hearings (the "Hearings") on the Motion having been held on May 11, May 26 and May 27, 2015; and the Court having carefully considered the evidence proffered or presented, and arguments of counsel made, at the Hearings; and for the reasons set forth on the record on May 27, 2015; and sufficient cause appearing therefore, it is hereby:

**FOUND, ADJUDGED AND DECREED, AS FOLLOWS:**

A.    This Court has jurisdiction over this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. § 1334. Consideration of the Motion constitutes a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A), (C), (G) and (O), and this Court has the

---

[1] The Debtors in these chapter 11 cases are:  (1) Winland Ocean Shipping Corporation; (2) SkyAce Group Limited (BVI); (3) Plentimillion Group Limited (BVI); (4) Fon Tai Shipping Co.  Ltd. (HK); (5) Winland Dalian Shipping S.A. (Panama); and (6) Won Lee Shipping Co. Ltd..
[2] Capitalized terms used and not defined herein have the meaning ascribed to them in the Motion.

requisite Constitutional authority to enter a final order on the Motion. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

   B. Under the circumstances, the notice given by CMB of the Motion constitutes due and sufficient notice and complies with Rules 2002 and 4001(b) of the Federal Rules of Bankruptcy Procedure and the local rules of this Court.

   C. It is inequitable to require CMB to pay the cost of releasing the M.V. Rui Lee from the admiralty action *in rem* pending in the High Court of the Republic of Singapore, and the Court will not burden CMB with such costs.

   D. "Cause" exists within the meaning of 11 U.S.C. § 362(d)(1) requiring the Court to modify the automatic stay, based on, among other things, the mounting administrative insolvency of these chapter 11 cases and the absence of adequate protection of CMB's interest in the M.V. Fon Tai and the M.V. Rui Lee and related collateral, and because CMB's position has worsened during these chapter 11 cases.

   E. When taking into account all of the indebtedness owed by the Debtors to CMB and all of CMB's accrued and accruing charges in respect of such indebtedness, the Debtors have no equity in the CMB Vessels. Moreover, based on the evidence presented, the CMB Vessels are not necessary to an effective reorganization of the Debtors because there is no effective reorganization for the Debtors that can be accomplished. The automatic stay therefore must be modified under 11 U.S.C. § 362(d)(2).

ACCORDINGLY, IT IS THEREFORE **ORDERED** THAT:

1. The Motion is hereby granted, as follows.

2. The automatic stay is hereby modified pursuant to sections 362(d)(1) and 362(d)(2) of the Bankruptcy Code to allow CMB to exercise its contractual and legal rights and remedies under the CMB Facility Agreement and any Finance Document (as defined in the CMB Facility Agreement) and applicable law against the Debtors, the CMB Vessels, and any related collateral. This shall include the right to arrest the M.V. Fon Tai, and to commence and continue, as the case may be, admiralty actions *in rem* against the M.V. Fon Tai and the M.V. Rui Lee, in the courts and jurisdictions of CMB's choosing.

3. The Debtors shall not, and shall not permit or instruct any affiliate, management company or broker to amend, extend or otherwise modify the current charter contract, or enter into or fix any new charter contract, for the M.V. Fon Tai without CMB's prior written consent.

4. The Debtors may pay all operating expenses in accordance with a schedule of such payments provided to and approved in advance by CMB, and otherwise subject to the *Second Interim Order (I) Authorizing Use of Cash Collateral of Existing Secured Lenders Pursuant to Section 363(c) of the Bankruptcy Code; (II) Granting Adequate Protection for the Use Thereof; and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 as to Use of Cash Collateral* [Docket No. 59].

5. CMB is hereby authorized to cause the replacement of the crew of the M.V. Fon Tai with a crew, and at a time and location, of CMB's choosing. The Debtors shall hereafter cooperate with CMB, and comply with the instructions of CMB or CMB's designee, in effecting, as soon as practicable, the transfer of control of the M.V. Fon Tai to CMB or CMB's designee. The Debtors shall, and shall cause their affiliates, management company and brokers, as the case

may be, to facilitate direct communication and coordination between CMB and its designees, on the one hand, and the charterer of the Fon Tai, on the other hand, to facilitate the foregoing.

6. The fourteen day stay period provided by Bankruptcy Rule 4001(a)(3) of any order modifying the automatic stay is hereby waived.

###