**UNITED STATES DEPARTMENT OF JUSTICE**
**OFFICE OF THE UNITED STATES TRUSTEE**
**JUDY A. ROBBINS**
**UNITED STATES TRUSTEE**
**HECTOR DURAN**
**TRIAL ATTORNEY**
**515 Rusk, Suite 3516**
**Houston, Texas   77002**
**Telephone:  (713) 718-4650 x 241**
**Fax:  (713) 718-4670**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NUMBER: |
| | § | |
| WINLAND OCEAN SHIPPING CORP., | § | 15-60007 (DRJ) |
| *et al.*, | § | (Chapter 11) |
| | § | |
| DEBTORS | § | (Jointly Administered) |

**MOTION OF UNITED STATES TRUSTEE TO DISMISS CASES WITH PREJUDICE, OR IN THE ALTERNATIVE, TO CONVERT CASE TO CHAPTER 7**

**BLR 9013 NOTICE: THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE:

COMES NOW the United States Trustee for the Southern District of Texas, by and through the undersigned counsel, who respectfully moves this Court for entry of an order under 11 U.S.C. § 1112(b) dismissing these chapter 11 cases with prejudice to refiling another bankruptcy case for 180 days, or in the alternative, converting these chapter 11 cases to chapter 7, and represents as follows:

### I. Jurisdiction, Venue & Constitutional Authority to Enter a Final Order

1. The Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district under 28 U.S.C. § 1408.

2. The Court has constitutional authority to enter a final order with respect to this matter. A motion to convert or dismiss a chapter 11 bankruptcy case under 11 U.S.C. § 1112(b) has no equivalent in state law, thereby rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable. *See In re Carlew,* 469 B.R. 666, 672 (Bankr. S.D. Tex. 2012)(discussing *Stern v. Marshall,* ---U.S. ---, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011)). In the alternative, it is an essential part of the public bankruptcy scheme and triggers the "public rights" exception. *Id.* The United States Trustee consents to entry of a final judgment by the bankruptcy court.

3. Judy A. Robbins is the duly appointed United States Trustee for the Southern District of Texas ("UST") under 28 U.S.C. § 581(a)(7).

4. Pursuant to 11 U.S.C. § 307, the UST has standing to appear and be heard on any issue in a case or proceeding under the Bankruptcy Code.

5. Pursuant to 28 U.S.C. § 586(a)(3), the UST is statutorily obligated to monitor the administration of cases commenced under the Bankruptcy Code, 11 U.S.C. § 101 *et seq*. Specifically, the UST is charged with a number of supervisory responsibilities in reorganization bankruptcy cases under chapter 11 of the Bankruptcy Code, including monitoring the progress of such cases and taking such actions as the UST deems to be appropriate to prevent undue delay in such progress. 28 U.S.C. § 586(a)(G).

### II. Factual Background

6. On February 12, 2015, Mong, Inc. Winland Ocean Shipping Corporation ("Winland"), SkyAce Group Ltd. ("SkyAce"), Plentimillion Group Ltd. ("Plentimillion"), Fon Tai Shipping Co., Ltd. ("Fon Tai"), Winland Dalian Shipping S.A. ("Winland Dalian"), and Won Lee Shipping Co., Ltd. ("Won Lee" and collectively, the "Debtors") filed voluntary petitions seeking relief under chapter 11 of the Bankruptcy Code. Since the orders for relief under chapter 11 were entered, the Debtors have operated as debtors in possession under 11 U.S.C. §§ 1107(a) and 1108.

7. According to the Declaration of Robert E. Ogle, the Debtors' Chief Restructuring Officer, (a) the Debtors are involved in the international ocean transportation of bulk cargo; (b) Winland owns 100% of SkyAce, SkyAce owns 100% of Plentimillion, and Plentimillion owns 100% of Fon Tai, Winland Dalian, and Won Lee; (c) Winland Dalian owns the vessel "M.V. Winland Dalian," which was arrested by a Chinese Court in December 2014; (d) Won Lee owns the vessel M.V. Rui Lee, which was arrested by a Singapore Court in September 2014; and (e) Fon Tai owns the vessel M.V. Fon Tai, which is the only one of the Debtors' three ships which is currently operating. The bankruptcy cases were filed because of the arrests of the M.V. Rui Lee

and the M.V. Winland Dalian.

8. According to the documents on file, the Debtors reported assets of $47,003,883.00 and liabilities of $176,023,902.50.

9. On March 25, 2015, China Merchants Bank Co. Ltd. ("CMB") filed the Motion for relief from the stay as to the M.V. Rui Lee and the M.V. Fon Tai. After an evidentiary hearing, the Court entered the Order ("Stay Order") [Dkt. No. 131], which modified the stay so as to permit CMB to exercise its contractual and legal rights and remedies under the CMB Facility and applicable law against the Debtors, the M.V. Rui Lee and the M.V. Fon Tai, and any related collateral, including the right to arrest the M.V. Fon Tai and to commence and continue admiralty actions *in rem* against the M.V. Rui Lee and the M.V. Fon Tai. The Court found that: (a) cause exists to require modification of the automatic stay, "based on, among other things, the mounting administrative insolvency of these chapter 11 cases and the absence of adequate protection of CMB's interest in the M.V. Fon Tai and M.V. Rui Lee and related collateral, and because CMB's position has worsened during these chapter 11 cases;" (b) the Debtors have no equity in the M.V. Fon Tai and M.V. Rui Lee; and (c) the M.V. Fon Tai and M.V. Rui Lee "are not necessary to an effective organization of the Debtor because there is no effective reorganization for the Debtors that can be accomplished."

10. On June 8, 2015, the undersigned received an email from Matthew S. Okin, the Debtors' general bankruptcy counsel, who stated that "Mr. Li [Honglin] and the other directors have resigned and someone new is now running the company." Further, the email included an attachment, which is a letter dismissing Robert E. Ogle as Chief Restructuring Officer effective June 8, 2015.

### III. Cause to Convert of Dismiss

11. Section 1112(b)(4) sets forth grounds for dismissal or conversion of a chapter 11 case. It provides, in pertinent part, that a chapter 11 case may be dismissed or converted for cause including:

> (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; and
>
> (J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court.

12. Cause exists either to convert or dismiss this case under 11 U.S.C. § 1112(b)(4)(A) because the stay has been modified regarding the M.V. Fon Tai and M.V. Rui Lee and therefore there is a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation. Specifically, the Court cited in the Stay Order the Debtors' mounting administrative insolvency and the fact that no effective reorganization for the Debtors can be accomplished.

13.     Cause exists either to convert or dismiss this case under 11 U.S.C. § 1112(b)(4)(J) because the Debtors have failed to a disclosure statement and a plan, and because the Debtors will be unable to confirm a plan within a reasonable period of time.

14.     The Debtor will incur quarterly fees for the second quarter of 2015.  The UST is unable to determine the amount due at this time in the absence of statements of disbursements.  The UST requests that this Court fix the sum due as an administrative expense of this estate under 11 U.S.C. § 503(b) for fees due and payable to the UST under 28 U.S.C. § 1930(a)(6).

### IV.  Relief Requested

15.     Under section 1112(b) of the Bankruptcy Code, the Bankruptcy Court shall convert a case to chapter 7 or dismiss a case, whichever is in the best interests of the creditors and the estate, if the movant establishes cause, unless the Court finds that a chapter 11 trustee or examiner is in the best interests of the creditors and the estate or the Court finds and specifically identifies unusual circumstances that establish that conversion or dismissal of the case is not in the best interest of creditors and the estate.  11 U.S.C. § 1112(b).

16.     Dismissal with prejudice to refiling another bankruptcy petition for 180 days is in the best interests of creditors.

17.     If the Court finds that dismissal with prejudice is not in the best interests of creditors and the estate, then the UST, in the alternative, requests conversion to chapter 7.

WHEREFORE, the UST prays that this Court enter an order under 11 U.S.C. § 1112(b) dismissing these chapter 11 cases with prejudice to refiling another bankruptcy petition for 180 days and fixing the sum due for fees due and payable to the United States Trustee under 28 U.S.C. § 1930(a)(6) as an administrative expense of this estate under 11 U.S.C. § 503(b), or in the alternative, converting these chapter 11 cases to chapter 7, and for any and all further relief as may be equitable and just.

Dated: June 8, 2015                      Respectfully Submitted,

                                         JUDY A. ROBBINS
                                         UNITED STATES TRUSTEE

                                         By:    /s/ Hector Duran
                                                Hector Duran
                                                Texas Bar No. 00783996/Fed. ID No. 15243
                                                515 Rusk, Suite 3516
                                                Houston, Texas  77002
                                                (713) 718-4650 ext. 241
                                                (713) 718-4670 Fax

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on the Debtors, Debtors' counsel, each member of the Committee of Unsecured Creditors and their proposed counsel, to parties requesting notice, and to the twenty largest unsecured creditors by United States Mail, first class, postage prepaid, or by ECF notification or BNC service, on the 8th day of June, 2015.  BNC will file a certificate of service that includes the names and addresses of those served.

/s/ Hector Duran
Hector Duran