IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **WINLAND OCEAN SHIPPING CORPORATION,** *et al.,*[1] | § § | Case No.   15-60007 (DRJ) |
| | § | (Jointly Administered) |
| Debtors. | § | |

**RESPONSE OF CHINA MERCHANTS BANK CO.  LTD. TO (I) DEBTORS' REQUEST FOR STATUS CONFERENCE AND (II) MOTION OF UNITED STATES TRUSTEE TO DISMISS CASES WITH PREJUDICE OR, IN THE ALTERNATIVE, TO CONVERT CASES TO CHAPTER 7**
[Relates to Docket Nos. 132 and 133]

China Merchants Bank Co. Ltd. ("CMB"), through its undersigned counsel, hereby files this response to (I) the Debtors' Request for Status Conference (the "Request"), and (II) the Motion of United States Trustee to Dismiss Cases with Prejudice, or in the Alternative, to Convert Cases to Chapter 7 (the "Dismissal Motion"),[2] and respectfully states as follows:

1. The Court recently granted CMB's motion for relief from the automatic stay and entered the Stay Order [Docket No. 131] which, among other things, authorized CMB to arrest, and commence and continue, foreclosure proceedings with respect to two dry bulk vessels which comprise CMB's collateral.  However, one vessel, the M.V. Fon Tai, remains under the Debtors' control and has not been turned over to CMB.  Moreover, while the Court also dismissed most of the claims contained in the Debtors' adversary proceeding against CMB styled as *Won Lee*

---

[1] The Debtors in these chapter 11 cases are: (1) Winland Ocean Shipping Corporation; (2) SkyAce Group Limited (BVI); (3) Plentimillion Group Limited (BVI); (4) Fon Tai Shipping Co. Ltd.  (HK); (5) Winland Dalian Shipping S.A. (Panama); and (6) Won Lee Shipping Co. Ltd.
[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Dismissal Motion.

*Shipping Co. Ltd. v. China Merchants Bank Co. Ltd.* (Adv. Pro No. 15-6005) (the "Adversary Proceeding"), the Adversary Proceeding remains pending.[3]

2. On June 8, 2015, the U.S. Trustee filed the Dismissal Motion. As the primary basis for the Dismissal Motion, the U.S. Trustee cites to entry of the Stay Order and also states, among other things, that Mr. Okin, counsel for the Debtors, has informed the U.S. Trustee that the Debtors' principal "Mr. Li [Honglin] and the other directors have resigned and someone new is running the company," and that the Debtors, through their new director, dismissed Mr. Ogle as chief restructuring officer. (Dismissal Motion ¶ 10).[4]

3. Mr. Okin filed the Request on the same day, advising the Court of such facts, and also informing the court that a charter payment of approximately $90,000 was not paid to the Debtors' Wells Fargo cash collateral account as expected. (Request ¶ 8). It appears that the payment was intercepted somehow by the Debtors or Mr. Li, in violation of the existing Cash Collateral Order.

4. CMB has lost millions of dollars of value which it will likely never recover as a result of the filing and prosecution of these chapter 11 cases. Now, someone (likely the Debtors' principal) has intercepted CMB's cash collateral, leading to potentially more losses. The Debtors' principal remains apparently unwilling to cooperate in a consensual return of the M.V.

---

[3] CMB has submitted a proposed order to the Debtors relating to the Adversary Proceeding consistent with the Court's ruling and anticipates filing such order with the Court, with or without the Debtors' agreement as to form, in advance of the status conference set for June 11, 2015 at 1:45 p.m. (the "Status Conference"). The Dismissal Motion was filed under Local Rule 9013-1, giving parties 21 days to file a response. The U.S. Trustee has not requested to have the Dismissal Motion heard on shortened notice or on an emergency basis. A hearing on the Dismissal Motion has not yet been scheduled.

[4] In an email forward to counsel, Mr. Okin also informed the U.S. Trustee that he "lost control of the debtor," "cannot continue as counsel, and "will have to ask the [C]ourt to let [him] resign." *See* E-mail from Matthew Okin to Hector Duran, Office of the United States Trustee (June 8, 2015, 7:45 CST).

Fon Tai to CMB. The Debtors, without notice to creditors or authority of the Court, have dismissed their U.S. chief restructuring officer. Now, it appears that their U.S. counsel is also looking to exit, complaining that the situation is out of their control.

5. These chapter 11 cases starkly illustrate the failed paradigm of foreign shipping companies with no meaningful U.S. contacts filing U.S. chapter 11 cases in order to obtain a free, no-risk injunction. There is simply no transparency and no accountability for these debtors or their principals, who seek only the benefits of chapter 11 (however temporary) without any of the burdens, have no regard for the interests of creditors or the bankruptcy process, and disregard the orders and jurisdiction of U.S. Courts.

6. Under these circumstances, the Debtors' chapter 11 cases should not be dismissed. As one court aptly stated, "a debtor should not be permitted to file a Chapter 11 case, receive the benefits of the automatic stay, cause the creditors and the Court to expend their time and resources on the case, and then have it dismissed merely because some creditors have secured relief from the automatic stay or because the debtor has become uncomfortable under the scrutiny of his creditors." *In re Warner*, 83 B.R. 807, 812 (Bankr. M.D. Fla. 1988) (denying debtor's motion to dismiss chapter 11 case). Here, it would be patently unfair to CMB (the principal creditor) for the Court to surrender jurisdiction without at least expending reasonable efforts to assist CMB to obtain possession of the M.V. Fon Tai, resolve the adversary proceeding in full and otherwise tie down any remaining loose ends. At that point, the parties can then assess whether dismissal is appropriate or a chapter 7 trustee should be appointed. *See* 11 U.S.C. § 1112(b) ("[T]he court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, <u>whichever is in the best interests of creditors and the estate</u> . . . .")(emphasis added).

3

Dated:  June 10, 2015                          Respectfully submitted,

By:  /s/ Timothy A. Davidson II

ANDREWS KURTH LLP
Timothy A.  Davidson II
State Bar No.  24012503
Joseph P.  Rovira
State Bar No.  24066008
Andrews Kurth LLP
600 Travis, Suite 4200
Houston, Texas 77002
(713) 220-4200 (Telephone)
(713) 220-4285 (Facsimile)

-and-

WHITE & CASE LLP
Scott Greissman (pro hac vice motion to be filed)
Charles R.  Koster (admitted pro hac vice)
1155 Avenue of the Americas
New York, New York  10036
Telephone:  (212) 819-8200

*Attorneys for China Merchants Bank Co.  Ltd.*

4

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Response was served this 10th of June, 2015 via the Court's ECF system on those parties receiving ECF notification.

*/s/ Joseph P. Rovira*
Joseph P. Rovira