Case 15-60007    Document 152    Filed in TXSB on 07/31/15    Page 1 of 4



ENTERED
07/31/2015

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 15-60007 |
| **WINLAND OCEAN SHIPPING** | § | (Jointly Administered) |
| **CORPORATION,** *et al.*,[1] | § | |
| | § | Chapter 11 |
| Debtors. | § | |

## ORDER GRANTING U.S. TRUSTEE'S MOTION TO DISMISS CASE
[This Order Relates to the Motion at Docket No. 132]

The Court having considered the (i) Motion of United States Trustee ("UST") to Dismiss Cases With Prejudice, or in the Alternative, to Convert Cases to Chapter 7 [Docket No. 132] (the "Motion")[2]; (ii) the Notice and Request for Status Conference [Docket No. 133] filed by the Debtors, and (iii) the Response of China Merchants Bank Co. Ltd. ("CMB") to (I) Debtors' Request for Status Conference and (II) Motion of United States Trustee to Dismiss Cases With Prejudice, or in the Alternative, to Convert Cases to Chapter 7 [Docket No. 135] , and the Court having carefully considered the statements of counsel made at the status conferences held on June 11, 2015 and July 9, 2015 (collectively, the "Status Conference") and sufficient cause appearing therefore, it is hereby:

**FOUND, ADJUDGED AND DECREED, AS FOLLOWS:**

A.  This Court has jurisdiction over this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. § 1334.  Consideration of the Motion constitutes a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A) and (O), and this Court has the requisite

---

[1] The Debtors in these chapter 11 cases are:  (1) Winland Ocean Shipping Corporation; (2) SkyAce Group Limited (BVI); (3) Plentimillion Group Limited (BVI); (4) Fon Tai Shipping Co.  Ltd. (HK); (5) Winland Dalian Shipping S.A. (Panama); and (6) Won Lee Shipping Co. Ltd..

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

HOU:3579292.1

Constitutional authority to enter a final order on the Motion. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

B.  Under the circumstances, the notice given by UST of the Motion constitutes due and sufficient notice and complies with the applicable rules of the Federal Rules of Bankruptcy Procedure and the local rules of this Court.

C.  On May 27, 2015, following three days of trial, the Court granted the Motion of China Merchant Bank Co. Ltd. Pursuant to 11 U.S.C. § 362(d) for Entry of Order Granting Relief from Automatic Stay [Docket No. 51].

D.  On June 5, 2015, the Court entered the Order Granting China Merchant Bank Co. Ltd.'s Motion Pursuant to 11 U.S.C. § 362(d) for Relief from Automatic Stay [Docket No. 131] (the "Lift Stay Order") which, among other things, authorized CMB to exercise its rights under non-bankruptcy law with respect to its collateral and required that the Debtors cooperate with CMB or its designee in effecting the transfer of control of the M.V. Fon Tai to CMB or its designee.

E.  Following entry of the Lift Stay Order, Mr. Li Honglin resigned as director and chief executive officer of the Debtors, and his wife, Ms. Xue Ying, resigned as director of Winland Ocean Shipping Corp. Mr. Zhou Shiwen was appointed as chief executive officer. On June 8, 2015, Mr. Shiwen purported to dismiss Mr. Robert Ogle as chief restructuring officer.

F.  CMB has attempted to instruct the Debtors regarding the transfer of control of the M.V. Fon Tai. The Debtors have not responded to CMB.

G.  On June 4, 2015, the Debtors were expected to receive approximately $90,416.10 in charter revenue. Such funds have not been deposited into the Debtors' Wells Fargo bank account (the "DIP Account"), as required under the Second Interim Order (I) Authorizing Use of

Cash Collateral of Existing Secured Lenders Pursuant to Section 363(c) of the Bankruptcy Code; (II) Granting Adequate Protection for the Use Thereof; and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 as to Use of Cash Collateral [Docket No. 59] (the "Cash Collateral Order"). The Debtors' management has not responded to inquiries regarding the payment.

H.  "Cause" exists within the meaning of 11 U.S.C. § 1112(b) to dismiss these cases, and dismissal of these cases is in the best interests of creditors and the estates based on, among other things (i) the Debtors' violation of the Cash Collateral Order[3] and (ii) the Debtors' failure to comply with the Lift Stay Order.

ACCORDINGLY, IT IS THEREFORE **ORDERED** THAT:

1.  The Motion is hereby granted, as follows.

2.  These chapter 11 cases are **DISMISSED** with prejudice.

3.  Notwithstanding section 349 of the Bankruptcy Code, all prior orders of the Court entered in the Debtors' chapter 11 cases shall remain in full force and effect and shall survive the dismissal of the Debtors' chapter 11 cases.

4.  The Debtors, no later than fourteen (14) days after entry of this Order, shall file with the Clerk of the United States Bankruptcy Court an operating report and statement of disbursements made during the calendar quarter and of any fees payable under 28 U.S.C. § 1930(a)(6) for the quarter during the period from May 1, 2015 through the date of entry of this order, and shall serve a true and correct copy of said statement on the UST.

---

[3] For the avoidance of doubt, references to the "Debtors" in this paragraph G does not include Robert Ogle, the Debtors' chief restructuring officer or Debtors' counsel, Okin & Adams, LLP.

5. The Debtors, no later than fourteen (14) days after entry of this Order, shall pay the appropriate sum of quarterly fees due and payable under 28 U.S.C. § 1930(a)(6) by remitting payment to the United States Trustee Payment Center, P.O. Box 530202, Atlanta, Georgia, 30353-0202, and shall furnish evidence of such payment to the UST, 515 Rusk, Suite 3516, Houston, Texas. The payment shall reflect the Debtors' account numbers and shall be transmitted with a "Chapter 11 Quarterly Disbursement and Fee Report" available from the United States Trustee. This Court shall retain jurisdiction to enforce payment of fees assessed under 28 U.S.C. §1930(a)(6).

6. The chief restructuring officer shall cause any funds remaining in the DIP Account after payment of applicable quarterly fees to the UST to be transferred to an account designated by CMB for the benefit of CMB.

7. Upon entry of this Order, the engagement and services of Okin & Adams LLP shall be terminated.

8. Upon entry of this Order, the engagement and services of The Claro Group and Robert Ogle shall be terminated.

9. This Order shall be effective immediately upon entry notwithstanding any applicable stay under the Bankruptcy Code or Bankruptcy Rules.

10. The Court shall retain jurisdiction with respect to any matters, claims, rights and disputes arising from or relating to the implementation of this Order or any other order of the Court in the chapter 11 cases.

**Signed: July 31, 2015.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

4